NICHOLS BUS & TRAILER CO. *v.* FULLER.

(In Banc. May 14, 1945. Suggestion of Error Overruled May 28, 1945.)

[22 So. (2d) 243. No. 35843.]

**Dabney & Dabney,** of Vicksburg, and **Campbell & Campbell,** of Yazoo City, for appellant.

**J. G. Holmes,** of Yazoo City, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee purchased an automobile house trailer from the appellant, which had manufactured the trailer, paying it therefor $123.41 in cash and agreeing to pay the remainder in 18 monthly installments evidenced by promissory notes and a written contract in which the appellant retained title to the trailer until these deferred payments were made. Immediately after sale of the trailer the notes and conditional sales contract were assigned by the appellant to the Warren Credit Corporation for value. Shortly after the purchase of the trailer the appellee says that he discovered that it was in very bad condition, and if what he says about it is true, which question was one of fact for the determination of the County Court, he had the right to rescind the sale. This he did, offered to return the trailer to the appellant and requested it to return the money he had paid it and the notes and contract he had executed to it. This offer and request were declined by the appellant. The appellee having declined to pay the Warren Credit Corporation any of the monthly payments he agreed to make on the trailer, it instituted a suit in replevin against him for the recovery of the trailer. He then, or shortly prior thereto, brought an action at law in the County Court against the appellant for the recovery of the money he had paid it for the trailer and the notes and contract he had executed

to it. Both of these actions came on to be heard in the County Court at the same time and by agreement, though not consolidated, were heard together by the County Judge without a jury, resulting in a judgment for the Warren Credit Corporation in the action of the replevin, from which no appeal has been taken, and for the appellee in his action against this appellant. The judgment for the appellee provides that he recover from the appellant "the sum of $123.41 together with legal interest from date hereof . . . that the defendant forthwith return to the plaintiff his said notes, and that upon default of the defendant in returning the same the said plaintiff do have and recover of the said defendant as damage the total amount of said notes, to-wit, the sum of $772.50, with interest at the rate of 6% per annum on the amount of each of the aforesaid installments after maturity of each such installment, and together with 15% of the aforesaid total principal and interest as attorney's fees." This judgment was affirmed by the Circuit Court.

On the rescission of this sale by the appellee, which the County Court on supporting evidence held he had the right to do, it became the duty of the appellant to return to him the money paid it by him on the trailer and also the notes and contract executed by him evidencing the balance of the purchase price of the trailer, or, if it could not return the notes and contract, to pay the appellee the value thereof, which, nothing to the contrary here appearing, is their face value, $772.50. Such was the judgment which the County Court should have rendered. The only error, therefore, in its judgment is that the provision therein for the return of the notes by the appellant should have been simply that the plaintiff recover of and from the defendant the notes and sales contract executed by the plaintiff to the defendant on the 6th day of May, 1940, and in default thereof the sum of $772.50. This correction in the judgment the Circuit Court could have made under Section 1616, Code 1942, consequently it will be made here.

But counsel for the appellant say that a judgment in an action at law must not only be definite and certain but must also not be in the alternative. The judgment we are to here render, as above set out, while in the alternative, is definite and certain and the alternative feature of it is the correct form here. That portion of the appellee's action by which he seeks, and will be awarded, the recovery of his notes and contract is analogous to an action of detinue in which a judgment for the plaintiff is always for the recovery of the property involved or its value. 33 C. J. 1197; 26 C. J. S., Detinue, Sec. 22, par. 8; and cases cited in 5 Miss. Digest, subject Detinue. This objection to the form and contents of the judgment was made to the one rendered by the County Court and probably would not have been made had that Court rendered the judgment we are to here render.

It may be, as to which there is no way of ascertaining now, that the Warren Credit Corporation will recover more from the appellee than the face value of these notes, and whether he can then recover this excess from this appellant is, of course, not before us and we express no opinion thereon.

Reversed in part and judgment here for the appellee.